Maurice W. McCann, J.
(Yates County Judge and Acting Judge for Monroe County). The defendant-appellant was convicted after a trial in Justice’s Court, Town of Parma, Monroe County, on March 1, 1957, of violating subdivision 4 of section 56 of the Vehicle and Traffic Law. A fine of $15 was imposed. It is from this conviction that the defendant has taken this appeal, alleging certain errors. He contends, among other things, that there was a failure on the part of the People to prove legally the speed of the vehicle operated by the accused person.
*1025 The People’s only witness, Deputy Sheriff Clark, testified that he “ clocked ” the defendant at 70 miles per hour in a 35-mile per hour zonej that he had his speedometer checked a short time after the date of the violation and learned that it was off 2 miles per hour. The defendant denied that he was operating his car at this speed and testified in his own behalf that he was driving 35 miles per hour, as did two of his passengers.
There was no other offer or proof of the violation than the testimony of the deputy “ clocking” the speed, as he put it. The People’s proof rested solely on the speedometer reading.
The Court of Appeals in the case of People v. Heyser (2 N Y 2d 390, 393) said: “ evidence of the reading of an untested speedometer without more would be insufficient to sustain a conviction.” In the instant case there is no other proof of speed.
In the trial of a charge of speeding the most essential element of proof is that of speed. Without such evidence there is a failure by the People to sustain the burden of proof and as a result there can be no conviction. Such is the situation in this case.
For such reason the judgment of conviction is reversed, the fine remitted, and the information dismissed.
The foregoing is sufficient for the purpose of this appeal, thereby making unnecessary a ruling upon the other contentions 'of the defendant-appellant.